NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| MR. ROBINSON, AKA Robinson, AKA Fnu Robinson,<br><br>       Petitioner,<br><br>  v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>       Respondent. | No.   14-70673<br><br>Agency No. A095-634-713<br><br>MEMORANDUM [*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2017[**]

Before:     LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

Respondent's motion to lift the stay of proceedings (Docket Entry No. 41) is granted.

Robinson, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the BIA's denial of a motion to reopen, *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010), and we deny the petition for review.

The BIA did not abuse its discretion in denying Robinson's second motion to reopen as untimely and number-barred where he filed it over five years after the final order of removal, *see* 8 C.F.R. § 1003.2(c)(2), and where he failed to show prima facie eligibility for the relief he sought, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2008) (explaining the BIA can deny a motion to reopen based on changed country conditions for failure to establish a prima facie case for the relief sought); *Wakkary v. Holder*, 558 F.3d 1049, 1065 (9th Cir. 2009) (even under disfavored group analysis, petitioner must present some evidence of individualized risk).

**PETITON FOR REVIEW DENIED.**